UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAWRENCE JONES,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER ELECTRIC USA, INC., et al.,<br><br>Defendants. | Case No.  24-cv-07347-JSC<br><br>**ORDER RE: SCHNEIDER'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 46 |

Plaintiff, proceeding in forma pauperis without attorney representation, sues Schneider Electric USA, Inc. ("Schneider"), Volt Management Corp. ("Volt"), and Brandon Puffer for discrimination, harassment, California Labor Code violations, and intentional infliction of emotional distress.  (Dkt. No. 27.)[1]  Now pending before the Court is Schneider's motion to dismiss.  (Dkt. No. 46.)[2]  Having carefully considered the parties' submissions, the Court DENIES Schneider's motion to dismiss Plaintiff's 42 U.S.C. § 1981 claim and GRANTS Schneider's motion to dismiss Plaintiff's Fair Employment and Housing Act ("FEHA"), Labor Code, and intentional infliction of emotional distress claims.

As to his § 1981 claim, Plaintiff has plausibly alleged Schneider created a hostile work environment or terminated his employment because of his race.  However, Plaintiff has not alleged he timely exhausted his administrative remedies to bring a FEHA claim, and Schneider has shown Plaintiff's Labor Code claims are barred by the statute of limitations.  And, because Plaintiff has

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

[2] Schneider moves to dismiss Plaintiff's first amended complaint.  (Dkt. No. 13.)  However, as the Court has reviewed and ordered service of Plaintiff's third amended complaint, (Dkt. Nos. 27, 29), the Court addresses Schneider's arguments as applied to Plaintiff's third amended complaint.

not alleged facts supporting his severe or extreme emotional distress, he fails to allege an intentional infliction of emotional distress claim.

**BACKGROUND**

### I.     COMPLAINT ALLEGATIONS

Plaintiff was employed at Schneider and Volt, and Mr. Puffer supervised Plaintiff at Schneider.  (Dkt. No. 27 at 12.)  Plaintiff began working as a Wire Technician at Schneider on May 24, 2021.  (*Id.* at 14.)  Plaintiff "performed his job well and regularly received positive feedback and performance reviews."  (*Id.*)  However, "[f]rom the very start," Mr. Puffer "made racist, offensive comments to and about [Plaintiff], who is [] African American, and other employees."  (*Id.* at 14-15.)  For example, Mr. Puffer told employees Plaintiff "was not 'black enough," and asked Plaintiff "'How are you even black?'"  (*Id.* at 15.)  Following Mr. Puffer's example, Plaintiff's "coworkers regularly harassed and disrespected him, and, on an almost daily basis, participated in Puffer's racist banter."  (*Id.*)  In addition, throughout Plaintiff's employment Puffer "sent a series of racist and sexually harassing texts to a group of seven employees he supervised."  (*Id.* at 15-17; *see also* 62-83.)  Mr. Puffer's "social media accounts [also] demonstrate[] his pattern and practice of engaging in egregious racist conduct targeting Black people such as [Plaintiff]."  (*Id.* at 14; *see also id.* at 35-53.)  And, "25 minutes after [Plaintiff] was scheduled to start his shift on the day he was terminated," Mr. Puffer "sent a racist group text [including] the n word to his subordinate employees which targeted African Americans."  (*Id.* at 13; *see also id.* at 95.)  "Alejandro Rosario, Schneider's Warehouse Manager above Puffer, knew about – and actually read at least one of – the harassing texts Puffer and Jones's coworkers sent him b[u]t did nothing to stop it."  (*Id.* at 17.)  On June 15, 2021, Schneider "terminated [Plaintiff] based on his race."  (*Id.*)

### II.     PROCEDURAL HISTORY

On September 27, 2024, Plaintiff sued Schneider and Volt Temp Agency in the Eastern District of California.  (Dkt. No. 1.)  He also moved to proceed in forma pauperis, (Dkt. No. 2), but because his claim arose in Alameda County, the Eastern District of California transferred his case to this District, (Dkt. No. 8).  Plaintiff then filed a first amended complaint and a motion to

United States District Court
Northern District of California

2

compel arbitration. (Dkt. Nos. 13, 14.) After Plaintiff's motion to proceed in forma pauperis was granted, (Dkt. No. 12), his case was reassigned to Judge Freeman, who granted him leave to file his first amended complaint, but denied his motion to compel arbitration as premature, (Dkt. No. 17). Plaintiff then moved for equitable tolling, moved to compel arbitration, and filed a second amended complaint. (Dkt. Nos. 18, 19, 21.) Pursuant to 28 U.S.C. § 1915, Judge Freeman screened Plaintiff's second amended complaint and dismissed it with leave to amend. (Dkt. No. 23.) Given the dismissal, Judge Freeman also denied his motions for equitable tolling and to compel arbitration as moot. (*Id.*) In addition, Judge Freeman ordered the Clerk of Court to determine whether the case should be assigned to the San Francisco/Oakland Division because Plaintiff intended to sue defendants who were not correctional staff. (Dkt. No. 24.) Plaintiff's case was reassigned to this Court. (Dkt. No. 25.)

Plaintiff then moved for leave to file a third amended complaint against Schneider, Volt, and Mr. Puffer for (1) race harassment in violation of 42 U.S.C. § 1981; (2) harassment under FEHA, Cal. Gov't Code §§ 12940 et seq; (3) hostile work environment under FEHA; (4) failure to prevent harassment under FEHA; (5) failure to pay timely wages upon discharge, Cal. Lab. Code §§ 201, 202; and (6) intentional infliction of emotional distress. (Dkt. No. 27 at 18-25.)

The Court reviewed Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915 and ordered its service on Defendants. (Dkt. No. 29.) The U.S. Marshal attempted service, but the address for service was incorrect. (Dkt. Nos. 34, 35.) After Plaintiff provided updated addresses for Defendants, (Dkt. No. 37), the Court again ordered service, (Dkt. No. 41). Schneider now moves to dismiss Plaintiff's complaint. (Dkt. No. 46.)

**DISCUSSION**

I.    **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). On a motion to dismiss, the court "must take all of the factual

3

United States District Court
Northern District of California

allegations in the complaint as true." *Id.* However, this presumption does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Ultimately, to avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," in other words, to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). When a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

## II.    SECTION 1981 CLAIM

Section 1981 prohibits discrimination in the making and enforcement of contracts on account of race. *See* 42 U.S.C. § 1981. To state a § 1981 claim, a plaintiff must allege "(1) he is a member of a racial group, (2) some contractual right with defendant was impaired, (3) defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment." *See Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020); *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982)). So, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp.*, 589 U.S. at 341.

Section 1981 guarantees "the right to the 'enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship,' including the relationship between employer and employee." *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(b)). So, a plaintiff can allege a § 1981 claim if an employer "terminate[s] his employment because of his race." *Annan-Yartey v. Star Protection Agency, Inc.*, 127 F. App'x 313, 314 (9th Cir. 2005). A plaintiff can also assert a hostile work environment claim under § 1981 if "(1) []he was 'subjected to verbal or physical conduct' because of [his] race, (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive environment.'" *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (citation omitted).

United States District Court
Northern District of California

Plaintiff alleges he is African American and was terminated from his job at Schneider on June 15, 2021 "based on his race." (Dkt. No. 27 at 17.) Plaintiff alleges many specific comments Mr. Puffer, his supervisor, made about Plaintiff's race, including Mr. Puffer's use of the n-word in a text to him and his coworkers on the day Plaintiff was terminated. Plaintiff also alleges following Mr. Puffer's lead, Plaintiff's "coworkers regularly harassed and disrespected him, and, on an almost daily basis, participated in Puffer's racist banter." (*Id.* at 15.) In addition, Plaintiff alleges Schneider's warehouse manager knew about Mr. Puffer's statements and did nothing. So, Plaintiff plausibly alleges he was subjected to unwelcome verbal conduct because of his race, and his extensive factual allegations support a reasonable inference such "conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive environment." *Manatt*, 339 F.3d at 798. Plaintiff's factual allegations also support a plausible inference Schneider intentionally discriminated against him based on race and his race was a but-for cause of his termination.

Schneider relies on allegations in Plaintiff's first amended complaint; specifically, on June 15, 2021, Plaintiff erroneously texted a coworker, rather than Mr. Puffer, that he would be late for work that day, and shortly thereafter, Mr. Puffer deemed Plaintiff a "no call no show" and terminated him. (Dkt. No. 13 at 16.) However, Plaintiff's third amended complaint, for which the Court ordered service on Schneider, does not allege these facts. "[N]othing in the Federal Rules of Civil Procedure [] prevent[s] a party from filing successive pleadings that make inconsistent or even contradictory allegations." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). And, in light of Plaintiff's present allegations and drawing reasonable inferences in Plaintiff's favor, Plaintiff has plausibly alleged he was terminated because of his race, even if he arrived late that day and Mr. Puffer asserted his "no show" as a pretext.

So, the Court denies Schneider's motion to dismiss Plaintiff's § 1981 claim.

## III.    FEHA CLAIMS

"Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies." *Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (2011), *as modified on denial of reh'g* (May 12, 2011); *see also* Cal. Gov't Code § 12965. Under FEHA,

United States District Court
Northern District of California

employees who believe they have suffered discrimination must first file a complaint with the Department of Fair Employment and Housing ("DFEH") "identifying the conduct alleged to violate FEHA." *See Wills*, 195 Cal. App. 4th at 153; *see also Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1081-82 (2003), *as modified* (Dec. 23, 2003).  The DFEH then investigates the claims, and either issues "an accusation for hearing before the Commission" or provides the complainant with a "right-to-sue letter." *See Schifando*, 31 Cal. 4th at 1082.  Once the complainant receives the right-to-sue letter, he can bring his claims as a civil action in court. *Id.* However, the complainant must file his claims in court within one year of the date of issuance of the right-to-sue letter. *See* Cal. Gov't Code § 12965(b); *see also Williams v. Pac. Mut. Life Ins. Co.*, 186 Cal. App. 3d 941, 951 (1986).  "[I]t is plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with [DFEH] and obtaining a right-to-sue letter." *Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) (quotation marks and citations omitted).

Plaintiff's complaint includes an amended DFEH complaint against Defendants dated August 31, 2021, as well as an August 31, 2021 letter from DFEH providing him his amended complaint and noting "[t]he original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH." (Dkt. No. 27 at 97, 99-100.)  However, Plaintiff's complaint does not allege he received a right-to-sue letter.  Furthermore, the DFEH letter and Plaintiff's opposition brief indicate the right-to-sue letter was issued on or before August 31, 2021, in which case Plaintiff failed to file his initial September 27, 2024 complaint within one year of the letter's issuance. *See* Cal. Gov't Code § 12965(b).  So, Plaintiff has not pled his timely exhaustion of administrative remedies. *See Kim*, 226 Cal. App. 4th at 1345.

In his opposition brief, Plaintiff contends he is entitled to equitable tolling.  In California, equitable tolling:

> applies [w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.  Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason.

United States District Court
Northern District of California

*McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (quotation marks and citations omitted). "Where applicable, the doctrine will suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id.* at 99 (quotation marks and citation omitted). A plaintiff seeking to invoke California's equitable tolling doctrine must demonstrate: (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the plaintiff. *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020). To be reasonable and in good faith, "[a] plaintiff's conduct must be objectively reasonable and subjectively in good faith." *Id.* at 729. Although "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation," courts have decided equitable tolling at the motion to dismiss stage when "some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

Plaintiff is not entitled to equitable tolling because he waited more than three years between filing his amended DFEH claim on August 31, 2021 and filing his civil complaint on September 27, 2024. Although "[t]he third prerequisite of good faith and reasonable conduct . . . is less clearly defined in the cases[,] [] in *Addison v. State of California*, . . . the Supreme Court did stress that the plaintiff filed his second claim a short time after tolling ended." *McDonald*, 45 Cal. 4th at 102 n.2 (citing *Addison v. State of California*, 21 Cal. 3d 313, 321 (1978)). So, a "plaintiff's reasonable promptness in refiling is necessary for relief." *Kolani v. Gluska*, 64 Cal. App. 4th 402, 411 (1998) ("[T]he leading cases finding an equitable tolling have involved short intervals between dismissal and refiling."); *see also Hatfield v. Halifax PLC*, 564 F.3d 1177, 1186 (9th Cir. 2009) (noting plaintiff "filed the district court action on the day that tolling ceased"). Absent further explanation from Plaintiff, his more than three-year delay in filing this complaint was unreasonable and defeats application of equitable tolling. *See Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2016 WL 6540452, at *5 (N.D. Cal. Nov. 2, 2016) (citing cases and finding ten-month delay suggested unreasonable conduct); *see also Kolani*, 64 Cal. App. 4th at 411 (finding 78-day delay in refiling unreasonable); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d

7

210, 230 (N.D. Cal. 2019) (citing cases and finding 16-month delay for claims with three-or four-year statutes of limitations unreasonable).

So, given Plaintiff's three-year delay between filing an amended complaint with DFEH and initiating this case, he does not allege his reasonable and good faith conduct to justify equitable tolling. The Court therefore dismisses Plaintiff's FEHA claims with leave to amend to the extent he can allege facts explaining his delay in filing the complaint or supporting another form of tolling.

## IV.   CALIFORNIA LABOR CODE CLAIM

The statute of limitations is an affirmative defense which a defendant must prove. *See California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995). So, "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex re. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citation omitted). However, once a defendant proves the statute of limitations bars a plaintiff's claims, "[t]he burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (citations omitted).

California Labor Code §§ 201 and 202 claims are subject to a three-year statute of limitations. *See Pineda v. Bank of America, NA*, 50 Cal. 4th 1389, 1395 (2010) (citing Cal. Civ. P. Code § 338(a)). "Such claims typically accrue on the date wages become due." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 914 (E.D. Cal. 2017). Here, Plaintiff alleges his wages were due 72 hours after his June 25, 2021 termination. (Dkt. No. 27 at 17, 24.) So, Plaintiff's allegations demonstrate his September 27, 2024 complaint was filed more than three years after the statute of limitations began to run, and was therefore untimely.

Because Plaintiff's California Labor Code claim is barred by the statute of limitations, the Court dismisses it with leave to amend to the extent Plaintiff can plausibly allege facts supporting tolling.

## V.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

An intentional infliction of emotional distress claim requires: "(1) extreme and outrageous

United States District Court
Northern District of California

conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (quotation marks and citation omitted). A plaintiff must allege "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (1993) (cleaned up); *see also Hughes*, 46 Cal. 4th at 1051 (requiring distress beyond "discomfort, worry, anxiety, upset stomach, concern, and agitation").

As to the second element, Plaintiff alleges he "has suffered, and will continue to suffer, mental distress and anguish." (Dkt. No. 27 at 25.) He has not, however, included any facts supporting this allegation. *See Campbell v. Feld Ent. Inc.*, Nos. 12-CV-4233-LHK, 13-CV-0233-LHK, 2014 WL 1366581, at *12 (N.D. Cal. Apr. 7, 2014) (dismissing claim alleging "severe stress and anxiety, depression, and loss of sleep" for failure to allege how injuries were "severe"); *Schultz v. Stericycle, Inc.*, No. CV F 13-1244-LJO MJS, 2013 WL 4776517, at *8 (E.D. Cal. Sept. 4, 2013) (dismissing claim lacking "facts to support" allegations of "pain and suffering, extreme and severe mental anguish, and emotional distress"). So, because Plaintiff has not alleged specific facts supporting his allegation he suffered severe or extreme emotional distress, he has failed to state an intentional infliction of emotional distress claim.

In addition, the statute of limitations for intentional infliction of emotional distress is two years. *See* Cal. Civ. P. Code § 335.1; *see also Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450 (2007) ("Causes of action for . . . intentional infliction of emotional distress are governed by the two-year statute of limitations set forth in Code of Civil Procedure section 335.1."). "The statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of outrageous conduct by the defendant." *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711-12 (9th Cir. 2014) (citing *Canu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 889 (1992)). Plaintiff alleges only he "has suffered, and will continue to suffer, mental distress and anguish" as a result of Defendants' conduct. (Dkt. No. 27 at 25.) Because when Plaintiff began suffering severe and emotional distress is not "apparent on the face of [Plaintiff's] complaint," Schneider

has not proven Plaintiff's intentional infliction of emotional distress claim is time-barred. *See Pre Con Indus., Inc.*, 720 F.3d at 1178; *see also California Sansome, Co.*, 55 F.3d at 1406 (holding defendant must prove the statute of limitations as an affirmative defense).

Nevertheless, because Plaintiff has not alleged specific facts supporting his allegation he suffered severe or extreme emotional distress, the Court dismisses Plaintiff's intentional infliction of emotional distress claim with leave to amend.

CONCLUSION

For the reasons stated above, the Court DENIES Schneider's motion to dismiss Plaintiff's 42 U.S.C. § 1981 claim and GRANTS Schneider's motion to dismiss Plaintiff's FEHA, Labor Code, and intentional infliction of emotional distress claims. Plaintiff is granted leave to amend his FEHA claims to the extent he can allege facts justifying his delay in filing his initial complaint or tolling generally. Plaintiff may also amend his Labor Code claim to allege facts supporting tolling of the statute of limitations. In addition, Plaintiff may amend his intentional infliction of emotional distress claim to allege facts supporting his severe or extreme emotional distress and tolling. However, Plaintiff may not add additional claims or parties without further leave of Court. Plaintiff's deadline to file an amended complaint is **March 26, 2026**. If Plaintiff does not file an amended complaint, the case will go forward on Plaintiff's 42 U.S.C. § 1981 claim and the Court will accordingly set a schedule.

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated: February 23, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

10