UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LAWRENCE JONES,

        Plaintiff,

    v.

SCHNEIDER ELECTRIC USA, INC.,
VOLT MANAGEMENT CORP., and
BRANDON PUFFER,

        Defendants.

Case No.  24-cv-07347-JSC

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 62

Plaintiff, proceeding in forma pauperis without attorney representation, sues Schneider Electric USA, Inc. ("Schneider"), Volt Management Corp. ("Volt"), and Brandon Puffer for violating 42 U.S.C. § 1981, California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.; and California Labor Code §§ 201 and 202; as well as for intentional infliction of emotional distress ("IIED").  (Dkt. No. 61.)[1]  Now pending before the Court is Schneider's motion to dismiss Plaintiff's state law claims in his Fourth Amended Complaint. (Dkt. No. 62.)  Having carefully considered the parties' submissions, the Court GRANTS Schneider's motion to dismiss Plaintiff's Fair Employment and Housing Act ("FEHA") and California Labor Code claims because they are barred by the statute of limitations and Plaintiff has not plausibly alleged equitable tolling can apply.  However, the Court DENIES Schneider's motion to dismiss Plaintiff's IIED claim.

\\

\\

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

**I.    COMPLAINT ALLEGATIONS**

Plaintiff began working as a Wire Technician at Schneider, under Mr. Puffer's supervision, on May 24, 2021.  (Dkt. No. 61 at 3, 5.)  Throughout his employment, Mr. Puffer "made racist, offensive . . . comments to and about [Plaintiff]," and "sent a series of racist and sexually harassing texts to a group of seven employees he supervised," which led "his coworkers [to] regularly harass[]" Plaintiff.  (*Id.* at 4-5.)  On June 15, 2021, Schneider "terminated [Plaintiff] based on his race."  (*Id.* at 7.)  Schneider failed to pay Plaintiff as required within 72 hours of his termination.  (*Id.* at 14.)

As a result of Mr. Puffer's conduct and the work environment at Schneider, Plaintiff "experienced extreme anxiety, stress, humiliation, and psychological trauma"; "suffered sleep disturbances and was frequently unable to sleep"; and "experienced symptoms consistent with post-traumatic stress disorder."  (*Id.* at 17.)  Defendants' conduct also "caused Plaintiff loss of enjoyment of life and emotional suffering affecting his daily activities," as well as "emotional strain in his relationships and interactions with his children."  (*Id.*)

Plaintiff "filed timely complaints against Defendants with the Department of Fair Employment and Housing ('DFEH') alleging race harassment, sexual harassment, and failure to prevent harassment."  (*Id.* at 9.)  "Thereafter, Plaintiff received from the DFEH notification of his right to sue."  (*Id.* at 10.)  "Defendants were put on notice that Puffer might be committing race and/or sexual harassment in the workplace not later than the date on which Plaintiff first complained about it to management."  (*Id.* at 12.)

"Because Plaintiff diligently pursued his rights but was prevented from filing within the statutory period due to attorney abandonment, denial of access to legal files, restrictions imposed by jail policies, and Plaintiff's mental health challenges during incarceration, equitable tolling should apply."  (*Id.* at 16.)  Specifically, "[d]uring the relevant period, Plaintiff was incarcerated in the San Joaquin County Jail," where he "was denied access to his legal files" and "restricted by jail policies limiting access to civil legal materials in the jail law library," which "significantly limited Plaintiff's ability to research and prepare civil legal filings related to his employment

United States District Court
Northern District of California

discrimination claims." (*Id.*) "While incarcerated, Plaintiff retained an attorney to pursue his employment discrimination claims," but "Plaintiff's attorney failed to file the complaint on time and ultimately abandoned Plaintiff's case." (*Id.*) "Furthermore, Plaintiff experienced mental health challenges during this period which impaired his ability to competently prepare and file complex legal proceedings while incarcerated." (*Id.*) "Defendants had notice of Plaintiff's claims and the facts underlying those claims through administrative proceedings and related communications prior to the filing of this lawsuit." (*Id.*)

## II.    PROCEDURAL HISTORY

On September 27, 2024, Plaintiff sued Schneider and Volt Temp Agency in the Eastern District of California. (Dkt. No. 1.)  He also moved to proceed in forma pauperis, (Dkt. No. 2), but because his claim arose in Alameda County, the Eastern District of California transferred his case to this District, (Dkt. No. 8).  Plaintiff then filed a first amended complaint and a motion to compel arbitration.  (Dkt. Nos. 13, 14.)  After Plaintiff's motion to proceed in forma pauperis was granted, (Dkt. No. 12), his case was reassigned to Judge Freeman, who granted him leave to file his first amended complaint, but denied his motion to compel arbitration as premature, (Dkt. No. 17).  Plaintiff then moved for equitable tolling, moved to compel arbitration, and filed a second amended complaint.  (Dkt. Nos. 18, 19, 21.)  Pursuant to 28 U.S.C. § 1915, Judge Freeman screened Plaintiff's second amended complaint and dismissed it with leave to amend. (Dkt. No. 23.)  Given the dismissal, Judge Freeman also denied his motions for equitable tolling and to compel arbitration as moot.  (*Id.*)  In addition, Judge Freeman ordered the Clerk of Court to determine whether the case should be assigned to the San Francisco/Oakland Division because Plaintiff intended to sue defendants who were not correctional staff.  (Dkt. No. 24.)  Plaintiff's case was then reassigned to this Court.  (Dkt. No. 25.)  The Court reviewed Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915 and ordered its service on Defendants.  (Dkt. Nos. 27, 29.)  The U.S. Marshal attempted service, but the address for service was incorrect.  (Dkt. Nos. 34, 35.)  After Plaintiff provided updated addresses for Defendants, (Dkt. No. 37), the Court again ordered service, (Dkt. No. 41).

Schneider then moved to dismiss Plaintiff's third amended complaint.  (Dkt. No. 46.)  The

Court denied Schneider's motion to dismiss Plaintiff's 42 U.S.C. § 1981 claim but granted Schneider's motion to dismiss Plaintiff's FEHA, Labor Code, and IIED claims.  (Dkt. No. 59.) Specifically, Plaintiff did not plausibly allege: (1) timely exhaustion of administrative remedies for his FEHA claims, (2) equitable tolling applied to his untimely Labor Code claim, or (3) severe or extreme emotional distress to support his IIED claim.  (*Id.*)

Plaintiff then filed a Fourth Amended Complaint asserting 42 U.S.C. § 1981, FEHA, Labor Code, and IIED claims, (Dkt. No. 61), and Schneider moves to dismiss the FEHA, Labor Code, and IIED claims, (Dkt. No. 62).

**DISCUSSION**

**III.   LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of [each] claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  On a motion to dismiss, the court "must take all of the factual allegations in the complaint as true." *Id.*  However, this presumption does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*  Ultimately, to avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," in other words, to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up).  When a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

**IV.   FEHA**

"Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies." *Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (2011), *as modified on denial of reh'g* (May 12, 2011); *see also* Cal. Gov't Code § 12965.  Under FEHA, employees who believe they have suffered discrimination must first file a complaint with DFEH

4

"identifying the conduct alleged to violate FEHA." *See Wills*, 195 Cal. App. 4th at 153; *see also Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1081-82 (2003), *as modified* (Dec. 23, 2003). The DFEH then investigates the claims, and either issues "an accusation for hearing before the Commission" or provides the complainant with a "right-to-sue letter." *See Schifando*, 31 Cal. 4th at 1082. Once the complainant receives the right-to-sue letter, he can bring his claims as a civil action in court. *Id.* However, the complainant must file his claims in court within one year of the date of issuance of the right-to-sue letter. *See* Cal. Gov't Code § 12965(b); *see also Williams v. Pac. Mut. Life Ins. Co.*, 186 Cal. App. 3d 941, 951 (1986). "[I]t is plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with [DFEH] and obtaining a right-to-sue letter." *Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345 (2014) (quotation marks and citations omitted).

Plaintiff has not alleged timely exhaustion of administrative remedies. Plaintiff's Fourth Amended Complaint only alleges he "filed timely complaints against Defendants with [DFEH]" and "[t]hereafter [] received from the DFEH notification of his right to sue." (Dkt. No. 61 ¶¶ 36, 44, 59.) Because Plaintiff does not include any facts supporting the sufficiency of his DFEH complaint or the timing of receiving his right-to-sue letter, these allegations are conclusory and therefore insufficient. *See Iqbal*, 556 U.S. at 678 (explaining courts need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). Furthermore, Plaintiff's opposition brief states he "received a right-to-sue notice on August 31, 2021." (Dkt. No. 64 at 7.) So, even if Plaintiff's Fourth Amended Complaint plausibly alleged he had filed a sufficient complaint and obtained a right-to-sue letter on August 31, 2021, his September 27, 2024 complaint would be untimely.

However, Plaintiff argues he is entitled to equitable tolling. Under California law, equitable tolling, "broadly speaking, applies [w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." *See McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (quotation marks and citations omitted). "Where applicable, the doctrine will suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id.* at 99 (quotation marks and citation omitted). A plaintiff seeking to

United States District Court
Northern District of California

5

invoke California's equitable tolling doctrine must demonstrate: (1) timely notice, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the plaintiff. *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020). To be reasonable and in good faith, "[a] plaintiff's conduct must be objectively reasonable and subjectively in good faith." *Id.* at 729. Although "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation," courts have decided equitable tolling at the motion to dismiss stage when "some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

According to Schneider, "Plaintiff pleads none of the[] elements" of equitable tolling. (Dkt. No. 62-1 at 5.) As to the first element, timely notice, Plaintiff alleges he "filed timely complaints against Defendants with [DFEH]," (Dkt. No. 61 ¶¶ 36, 44, 59), but he does not allege whether and when Defendants received notice of his DFEH complaint. And although Plaintiff alleges "Defendants were put on notice that Puffer might be committing race and/or sexual harassment in the workplace not later than the date on which Plaintiff first complained about it to management," (*id.* ¶ 55), Plaintiff does not allege any facts about when he complained to management from which the Court can draw a reasonable inference Schneider received timely notice of his claims. So, because Plaintiff has not plausibly alleged he provided Schneider with timely notice of his claims, Plaintiff's Fourth Amended Complaint does not plausibly allege he is entitled to equitable tolling.

Even if Plaintiff had plausibly alleged Schneider received timely notice of his claims, Plaintiff has not plausibly alleged his reasonable and good faith conduct in delaying filing his complaint. The Court assumes, as Plaintiff's opposition brief states (although not alleged in the Fourth Amended Complaint), he received a right-to-sue letter on August 31, 2021. However, Plaintiff then delayed more than three years—until September 27, 2024—before filing this complaint.

As the Court explained in its prior Order, the third element of equitable tolling—a plaintiff's reasonable and good faith conduct—requires "plaintiff's reasonable promptness in

refiling." *See Kolani v. Gluska*, 64 Cal. App. 4th 402, 411 (1998) ("[T]he leading cases finding an equitable tolling have involved short intervals between dismissal and refiling."). Absent further explanation, Plaintiff's more than three-year delay is unreasonable and defeats application of equitable tolling. *See Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2016 WL 6540452, at *5 (N.D. Cal. Nov. 2, 2016) (citing cases and finding ten-month delay suggested unreasonable conduct); *see also Kolani*, 64 Cal. App. 4th at 411 (finding 78-day delay in refiling unreasonable); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 230 (N.D. Cal. 2019) (citing cases and finding 16-month delay for claims with three-or four-year statutes of limitations unreasonable).

Plaintiff alleges his incarceration, attorney abandonment, and mental health challenges "prevented [him] from filing his claims within the statutory time period." (Dkt. No. 61 at 16.) But Plaintiff does not allege facts from which the Court can draw a reasonable inference these factors prevented him from filing a complaint throughout his entire period of delay, that is, from August 31, 2021 to September 27, 2024. For example, Plaintiff's delay might be reasonable if he was continuously incarcerated and lacked access to necessary legal resources throughout the entire period. *See Jones v. Blanas*, 393 F.3d 918, 928-930 (9th Cir. 2004) (applying equitable tolling to "a claim asserted by a continuously continued civil detainee who has pursued his claim in good faith"). Plaintiff does allege "[d]uring the relevant period, Plaintiff was incarcerated in the San Joaquin County Jail," "denied access to his legal files," and "was restricted by jail policies limiting access to civil legal materials." (Dkt. No. 61 at 16.) But absent factual allegations about when he was incarcerated and how the jail policies prevented him from filing, Plaintiff's allegations are insufficient. *See also Otte v. San Bernardino Cnty.*, No. EDCV 24-0398 DMG (AS), 2025 WL 3131147, at *10 (C.D. Cal. June 30, 2025) (rejecting equitable tolling for a plaintiff who lacked resources for only a portion of delay period and did not plausibly allege his lack of access to a law library prevented him from filing a complaint), *report and recommendation adopted sub nom. Otte v. San Bernadino Cnty.*, No. ED CV 24-00398-DMG (AS), 2025 WL 3127445 (C.D. Cal. Nov. 4, 2025). And Plaintiff's opposition brief clarifies he was incarcerated "[d]uring the period of approximately 2022 through 2023," (Dkt. No. 64 at 3), so challenges resulting from incarceration would only excuse his delay during that period.

7

Plaintiff also alleges he retained and relied on an attorney while he was incarcerated, but that attorney "failed to file the complaint on time and ultimately abandoned Plaintiff's case." (Dkt. No. 61 at 16.)  But although attorney abandonment might make some period of delay reasonable, Plaintiff has not alleged facts from which the Court can reasonably infer his attorney's abandonment excuses his full three-year delay.  *Cf. Geray v. Muniz*, No. 14-CV-03572-VC (PR), 2015 WL 5138096, at *2-3 (N.D. Cal. Sept. 1, 2015) (noting attorney abandonment can justify federal equitable tolling for the period in which the plaintiff relied on the later-abandoning attorney to file), *aff'd*, 678 F. App'x 607 (9th Cir. 2017).  Plaintiff's opposition brief states he retained legal counsel on October 18, 2021, and his attorney abandoned him on February 7, 2022, (Dkt. No. 64 at 3), and those facts—if included in his complaint—might be sufficient to plausibly allege his delay from October 18, 2021 to February 7, 2022 was reasonable and in good faith.

In addition, Plaintiff alleges he "experienced mental health challenges during this period which impaired his ability to competently prepare and file complex legal proceedings." (Dkt. No. 61 at 16.)  But he "does not plead facts plausibly supporting this conclusion." *See Malaspina v. Am. Airlines, Inc.*, No. 25-CV-05411-JSC, 2025 WL 3043359, at *7 (N.D. Cal. Oct. 31, 2025) (holding insufficient allegation "the delay was a direct result of [the plaintiff's] cognitive and neurological impairment").  For example, Plaintiff does not allege what his "mental health challenges" entailed, how they prevented him from filing a complaint, or when he faced those challenges.  *See Malaspina v. Am. Airlines, Inc.*, No. 3:25-CV-05411-JSC, 2026 WL 657723, at *1-2 (N.D. Cal. Mar. 9, 2026) (considering more detailed allegations sufficient).  So, Plaintiff has not alleged facts supporting a reasonable inference his delay from August 31, 2021 to September 27, 2024 was reasonable and in good faith.

However, the cases Schneider cites to argue Plaintiff cannot allege equitable tolling are not persuasive.  Schneider relies exclusively on cases applying the federal equitable tolling doctrine for habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies a different test than California equitable tolling doctrine.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (requiring a habeas petitioner establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"

8

(quotation marks and citation omitted)); *Bills v. Clark*, 628 F.3d 1092, 1096-97 (9th Cir. 2010) (same). That attorney abandonment, access to legal resources while incarcerated, and mental health disabilities may not constitute "extraordinary circumstances" under AEDPA does not mean they are insufficient to show good faith and reasonable conduct under California's equitable tolling doctrine. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (allowing equitable tolling of AEDPA only when "extraordinary circumstances beyond the prisoner's control [] made it impossible to file a petition on time" (quotation marks and citation omitted)); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) (holding circumstances related to "the routine restrictions of prison life" not extraordinary); *cf. Geray*, 2015 WL 5138096, at *2-4 (N.D. Cal. Sept. 1, 2015) (addressing attorney abandonment, mental health, and incarceration as circumstances under AEDPA).

So, Plaintiff does not plausibly allege timely exhaustion of administrative remedies or his entitlement to equitable tolling because Plaintiff does not allege facts supporting a plausible inference that Defendants received timely notice of his claims or that Plaintiff's delay between receiving the right-to-sue letter until September 27, 2024 was reasonable and in good faith. So, the Court dismisses Plaintiff's FEHA claims as untimely.

## V.    CALIFORNIA LABOR CODE

The statute of limitations is an affirmative defense which a defendant must prove. *See California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995). So, "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex re. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citation omitted). However, once a defendant proves the statute of limitations bars a plaintiff's claims, "[t]he burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (citations omitted).

California Labor Code §§ 201 and 202 claims are subject to a three-year statute of limitations. *See Pineda v. Bank of America, NA*, 50 Cal. 4th 1389, 1395 (2010) (citing Cal. Civ. P. Code § 338(a)). "Such claims typically accrue on the date wages become due." *Ayala v. Frito*

*Lay, Inc.*, 263 F. Supp. 3d 891, 914 (E.D. Cal. 2017).  Here, Plaintiff alleges his wages were due 72 hours after his June 15, 2021 termination.  (Dkt. No. 61 ¶¶ 30, 65-67.)  Plaintiff's claims therefore accrued on June 18, 2021, and the statute of limitations ran on June 18, 2024—more than three months before he filed his initial complaint on September 27, 2024.  So, Plaintiff's Labor Code claims are barred by the statute of limitations unless Plaintiff can plausibly allege tolling applies from June 18, 2024 to September 27, 2024.  And although Plaintiff argues he is entitled to equitable tolling, Plaintiff has not—as explained above—plausibly alleged he provided timely notice to Defendants of his Labor Code claims or his reasonable and good faith conduct in delaying his complaint beyond the statute of limitations.

So, the Court grants Schneider's motion to dismiss Plaintiff's Labor Code claims.

## VI.    IIED

An IIED claim requires: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (quotation marks and citation omitted). A plaintiff must allege "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (1993) (cleaned up); *see also Hughes*, 46 Cal. 4th at 1051 (requiring distress beyond "discomfort, worry, anxiety, upset stomach, concern, and agitation").

The Court previously dismissed Plaintiff's IIED claim because his Third Amended Complaint only alleged he "has suffered, and will continue to suffer, mental distress and anguish," (Dkt. No. 27 at 25), without any facts supporting this allegation.  (Dkt. No. 59 at 9.)  Plaintiff's Fourth Amended Complaint alleges the harassment and discrimination he faced at Schneider caused and continues to cause him "extreme anxiety, stress, humiliation, and psychological trauma"; "sleep disturbances . . . due to the stress and emotional trauma"; and "symptoms consistent with post-traumatic stress disorder"; which have "caused Plaintiff loss of enjoyment of life and emotional suffering affecting his daily activities," as well as "emotional strain in his

10

relationships and interactions with his children." (Dkt. No. 61 at 17.)  Such allegations are sufficient to draw a reasonable inference Plaintiff suffered "'severe emotional distress[,]' mean[ing] highly unpleasant mental suffering or anguish from socially unacceptable conduct . . . which entails such intense, enduring and nontrivial distress that no reasonable person in a civilized society should be expected to endure it." *Schild v. Rubin*, 232 Cal. App. 3d 755, 762-63 (1991) (cleaned up).

Schneider's reliance on the cases the Court cited in its prior Order is unavailing.  Unlike *Campbell v. Feld Ent. Inc.*, Nos. 12-CV-4233-LHK, 13-CV-0233-LHK, 2014 WL 1366581 (N.D. Cal. Apr. 7, 2014), in which the plaintiff did not allege any facts supporting a plausible inference her injuries were "severe," *id.* at *12, Plaintiff alleges his distress affects his daily activities, relationships, and interactions with his children.  And unlike *Schultz v. Stericylce, Inc.*, No. CV F 13-1244 LJO MJS, 2013 WL 4776517 (E.D. Cal. Sept. 4, 2013), in which the plaintiff alleged she "suffered no more than anguish corresponding to her belief she was wronged" and made only "sweeping references to 'pain and suffering, extreme and severe mental anguish, and emotional distress,'" without any facts regarding her "symptoms or conditions," *id.* at *8, Plaintiff alleges a plausible basis for suffering severe emotional distress, as well as facts regarding his symptoms and conditions.

Schneider also argues Plaintiff's IIED claim is untimely because the statute of limitations is two years, *see* Cal. Civ. P. Code § 335.1, and "the alleged misconduct occurred when Plaintiff's assignment with Schneider ended on June 15, 2021." (Dkt. No. 62-1 at 9.)  But as the Court's prior Order explained, "[t]he statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of outrageous conduct by the defendant." *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711-12 (9th Cir. 2014) (citing *Canu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 889 (1992)).  And "[b]ecause when Plaintiff began suffering severe and emotional distress is not 'apparent on the face of [Plaintiff's] complaint,' Schneider has not proven Plaintiff's intentional infliction of emotional distress claim is time-barred." (Dkt. No. 59 at 9-10 (citing *Pre Con Indus., Inc.*, 720 F.3d at 1178; *California Sansome, Co.*, 55 F.3d at 1406).)

So, the Court denies Schneider's motion to dismiss Plaintiff's intentional infliction of

United States District Court
Northern District of California

emotional distress claim.

### CONCLUSION

For the reasons stated above, the Court GRANTS Schneider's motion to dismiss Plaintiff's FEHA and Labor Code claims and DENIES Schneider's motion to dismiss Plaintiff's IIED claims.  However, because Plaintiff may allege facts which create a reasonable inference of timely notice to Defendants of his claims, lack of prejudice to Defendants, and his reasonable and good faith conduct in delaying filing his complaint, he may be able to plausibly allege his entitlement to equitable tolling on his FEHA and Labor Code claims.  The Court therefore grants Plaintiff leave to amend to allege facts supporting tolling.  However, Plaintiff may not add additional claims or parties without leave of Court.

Plaintiff's deadline to file an amended complaint is **August 3, 2026**.  If Plaintiff does not file an amended complaint, the case will go forward on Plaintiff's 42 U.S.C. § 1981 and IIED claims, and the Court will accordingly set a schedule.

This Order disposes of Docket No. 62.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California